UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 19-4059-JGB (KS)                                Date: May 22, 2019

Title   *Alonzo McKinney v. G. Newsom*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Christianna Howard  |  N/A  |
|---|---|
| Deputy Clerk (Relief) | Court Reporter / Recorder |

Attorneys Present for Petitioner:            Attorneys Present for Respondent:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On May 3, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody (the "Petition") in the Eastern District of California. (Dkt. No. 1.)  On May 9, 2019, the matter was transferred from the Eastern District to the Central District of California.  (Dkt. No. 4.)  In a related case, *People v. McKinney*, No. B280346, 2017 Cal. App. Unpub. LEXIS 7756 (Nov. 13, 2017), the California Court of Appeal provided the following explanation for Petitioner's current imprisonment.

> In *People v. McKinney* (Dec. 1, 1998, B115835) [nonpub. opn.]), we affirmed [Petitioner's] conviction in the current case of assault with a deadly weapon or force likely to produce great bodily injury upon a peace officer, Robert Staggs, in violation of Penal Code section 245, subdivision (c) (count 1), and resisting an executive officer, Robert Staggs, in violation of section 69 (count 2).  Based on [Petitioner's] prior serious felony convictions for robbery in May 1986[1] and September 1988,[2] the superior court imposed a Three Strikes sentence of 25 years to life.  (§§ 211; 667, subd. (b)-(i); 1170.12, subds. (a)-(d).)  [Petitioner] is presently serving that sentence.

*People v. McKinney*, 2017 Cal. App. Unpub. LEXIS 7756, at *1.

It is unclear from the face of the Petition which conviction Petitioner is challenging – his conviction for the assault on Robert Staggs or either of his two prior felony convictions for

---

[1]  Los Angeles County Superior Court case No. A775937 (footnote in original)
[2]  Los Angeles County Superior Court case No. A972586 (footnote in original)

robbery. However, Petitioner attached to the Petition a March 14, 2019 Los Angeles County Superior Court order in case no. B295927, which states that "This is Alonzo McKinney's 28th notice of appeal in pursuing collateral attacks on the judgment affirmed in *People v. McKinney* (December 1, 1998, B115385 [nonpub. Opn.] which imposed a Three Strikes sentence of 25 years to life." (Petition at CM/ECF Page ID 13.)

Additionally, Petitioner has filed no fewer than twelve prior habeas petitions in this district, including: *Alonso McKinney v. Lennox et al*, 2:00-cv-00492-JGB-KS (Nov. 8, 2000), *Alonzo McKinney v. Lancaster State*, 2:00-cv-12831-RMT-EE (Apr. 20, 2001), *Alonzo McKinney v. Ernie Roe et al*, 2:01-cv-01008-RMT-EE (Jul. 5, 2001), *Alonzo McKinney v. D.D. Ortiz et al*, 2:04-cv-03614-GAF-FMO (Jun. 9, 2004), *Alonzo McKinney v. United States of America*, 2:04-cv-09221-RMT-FMO (Dec. 16, 2004), *Alonzo McKinney v. A.K. Scribner*, 2:05-cv-00659-SJO-FMO (Feb. 7, 2005), *Alonzo McKinney v. People of the State of California*, 1:10-cv-01932-GAF-FMO (Apr. 8, 2010), *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB (Jul. 6, 2013), *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB (Mar. 24, 2014), *Alonzo McKinney v. G. Smith*, 2:17-cv-02578-JAK-FFM (Dec. 1, 2017), *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM (Jul. 2, 2018), *Alonzo McKinney v. High Desert State Prison et al*, 2:99-cv-03331-JGB-KS (Mar. 22, 2001). These prior habeas petitions include a December 7, 2000 petition, which attacked Petitioner's 1986 conviction for robbery and was dismissed with prejudice on statute of limitations grounds, *see Alonzo McKinney v. Lancaster State Prison*, 2:00-cv-12831-RMT-EE (Dkt. Nos. 14-16), and a March 30, 1999 petition, which attacked Petitioner's conviction for the assault on Robert Staggs and was dismissed with prejudice on the merits, *Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS (Dkt. No. 1, 36-38). For the following reasons, the Court orders Petitioner to show cause, no later than June 12, 2019, why the Petition should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## DISCUSSION

### I.   Habeas Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief." Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

### II.    The Petition Does Not Satisfy The Demanding Pleading Standard of Habeas Rule 2

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2(c) imposes a "more demanding" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4. Allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

The Petition violates Habeas Rule 2. It is impossible to determine from the face of the Petition what judgment, conviction, and/or sentence Petitioner is attacking, the court that issued the judgment, conviction, and/or sentence at issue, and the nature and substance of Petitioner's claims for habeas relief. On the form used by Petitioner, when asked the name and location of the court that entered the judgment of conviction under attack, the date of the judgment and conviction at issue, and the length of the sentence, Petitioner wrote "Los Angeles Court etc. al," "see minute order attach. (1997)," and "3-strike" respectively. (Petition at CM/ECF Page ID 1.) The Petition further states that Petitioner pled "not guilty" to a violation of California Penal Code ("Penal Code") § 245 (assault). (*See* Petition at CM/ECF Page 1.) When asked to identify the grounds for relief, Plaintiff states the following:

Ground One: "S.B. 1393 appellant can appeal unauthorize sentence Hicks v. Olahoma 447 U.S. 343 5th and 19th[3] amend an authorize sentence can be appeal see not guilty verdict A775937[4] used to strike me out illegally. The clerk of court is witness to A775937. The court fail to show proof of the jury form guilty verdict by jury foreman and clerk stamp."

Ground Two: "Denial of Right to Appeal 6th and 14th Amendment People v. Clark (2017) 8 Cal. App. 5th 804, Hicks v. Olahoma, 447 U.S. 343 an unauthorize sentence can be appeal. See A775937 not guilty verdict stamp by clerk of court. Newly discovered evidence 2284(e)(1)(2) and 28 U.S.C. 2244(1) and (2) and S.B. 1393.

Ground Three: "Evidentiary hearing Kemp v. Ryan 638 F.3d 1248 2254(e)(1) + (2) compare to appellant never had evidentiary hearing to new ruling S.B. 1393 passed Jan. 2019 and the jury was deny not guilty verdict stamp by clerk to strike me out illegally. See minute order and exhibit attach."

Ground Four: "Conviction obtain by the unconstitutional failure of the prosecution to disclosure to defendant evidence see not guilty verdict A775937 jury form. A775937, I was found not guilty 1986 of May stamp by the clerk. The D.A. fail to disclosure evidence to juror 1997 and attach allege guilty jury form to juror."

(Petition at CM/ECF Page ID 4-5.)

Petitioner also attached numerous documents to the Petition, including, *inter alia*: an unsigned undated handwritten replication of a Los Angeles County Superior Court not guilty verdict form – complete with a handwritten replication of a "FILED" stamp – purportedly from *The People v. Alonzo McKinney*, case number A775937 (Petition at CM/ECF Page ID 11); a handwritten pleading entitled "Motion to Withdrawal Sentence 8.304 Rules of Ct Miscarriage of

---

[3]     The Court cannot determine whether Petitioner is citing the 14th Amendment or the 19th Amendment.
[4]     Case number A775937 appears to be a reference to Petitioner's 1986 conviction for robbery in Los Angeles County Superior Court.

Justice" in case number A775937 that Petitioner signed on February 20, 2019 (Petition at CM/ECF Page ID 12); a California Court of Appeal Order dated March 14, 2019 in case number B295927 that dismissed Plaintiff's challenge to his assault conviction as "unintelligible, frivolous, and not supported by an appealable order" (Petition at CM/ECF Page ID 13-14); and a Notice of Electronic Filing from this Court with numerous handwritten cross-outs and insertions by Petitioner (Petition at CM/ECF Page ID 15).

The Court cannot discern from Plaintiff's vague and non-responsive answers to the questions on the form and the assortment of court orders and jumbled handwritten pages attached to the Petition the nature of Petitioner's claims or the conviction, sentence, or other judicial action that Petitioner is challenging. Petitioner has also failed to explain how the fact or duration of his custody violates the constitutional provisions he cites, and, to the extent that Petitioner is claiming that his sentence or conviction violates state law (S.B. 1393), his claim is not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law . . . a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States") (internal quotation marks and citations omitted). Even construed liberally, Petitioner's allegations are too vague to point to "a real possibility of constitutional error." *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491. Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

### III. The Petition Appears To Be An Unauthorized Second And Successive Petition

The Petition is not rendered less defective if the Court assumes that the California Court of Appeal order attached to the Petition is correct in asserting that Petitioner is challenging the assault conviction for which he was sentenced to 25 years to life in prison. (*See* Petition at CM/ECF Page ID 13.) To the contrary, as noted above, Petitioner previously challenged this conviction and sentence in a federal habeas petition that Petitioner filed in this Court in 1999 (hereinafter, the "1999 Petition"). *See Alonzo McKinney v. High Desert State Prison, et al*, No. 2:99-cv-03331-JGB-KS (Dkt. Nos. 1, 36-38). State habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not

presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 1999 Petition, Petitioner sought § 2254 relief based on the same state sentence and conviction that the California Court of Appeal asserts is at issue here. This Court dismissed the 1999 Petition on its merits with prejudice. Accordingly, to the extent that Petitioner is now contending that the sentencing court erred, the current Petition is second or successive within the meaning of § 2244(b).[5] Furthermore, Petitioner has not alleged, and a search of court records does not indicate, that Petitioner received leave from the Ninth Circuit to bring a second or successive § 2254 petition. Because the attachments to the Petition suggest that the Petition is an unauthorized second or successive § 2254 petition, it appears that the Petition must be dismissed because the Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

### ORDER TO SHOW CAUSE

**Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE no later than June 12, 2019, why the Petition should not be dismissed for violating Habeas Rule 2 and for constituting an unauthorized second or successive petition.** To discharge this Order and

---

[5] The California Court of Appeal also previously informed Petitioner that his claim that he "received an unauthorized sentence—is [an issue] that may be raised at any time, because a sentence which is not authorized by law exceeds the jurisdiction of the court." *People v. McKinney*, 2017 Cal. App. Unpub. LEXIS 7756, at *4 (citing *People v. Neal*, (1993) 19 Cal. App. 4th 1114, 1124, 24 Cal. Rptr. 2d 129).

proceed with this action, Petitioner shall file, no later than the June 12, 2019 deadline, a First Amended Petition that does all of the following:

(1) <u>Either</u> explains why the Petition does not satisfy the definition of a second or successive petition <u>or</u> demonstrates that the Ninth Circuit has authorized Petitioner to file this second or successive petition;
(2) Clearly identifies the conviction or other judicial action being challenged, including the date of the conviction (or other judicial action) and the court and year in which it occurred; <u>and</u>
(3) Explains how the conviction or other judicial action being attacked violates the Constitution or the laws of the United States.  Petitioner is reminded that, without more, it is not sufficient to cite to a constitutional amendment.  Instead, "[i]t is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.  Petitioner is also reminded that federal habeas corpus relief is not available to remedy errors of state law, and the Court is limited to deciding whether Petitioner's sentence or conviction violated the Constitution, laws, or treaties of the United States. *See Estelle*, 502 U.S. at 67-68.

Further, in filing a First Amended Petition, Petitioner is strongly encouraged to use the Central District's form habeas petition, which is attached to this Order.  Any First Amended Petition may not refer to Petitioner's earlier pleadings or assume the reader's familiarity with the Petition or any of its attachments.  Any claims included in the Petition but omitted from the First Amended Petition will be deemed abandoned.

**Finally, Petitioner is expressly warned that his failure to timely comply with this Order and file a First Amended Petition that shows cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-4059-JGB (KS)                                        Date: May 22, 2019

Title   _Alonzo McKinney v. G. Newsom_

    The Clerk is directed to send Petitioner a copy of the Central District's form petition for writ of habeas corpus by a person in state custody (CV-069) and a copy of the Central District's form Notice of Voluntary Dismissal (CV-09).

    **IT IS SO ORDERED**.

|  | : |
|---|---|
| **Initials of Preparer** | ch |