# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>    Petitioner,<br><br>    v.<br><br>G. NEWSOM,<br><br>    Respondent.<br>_____ | NO. CV 19-4059-JGB (KS)<br><br>**ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY** |

On May 3, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody in Eastern District of California. (Dkt. No. 1.) On May 9, 2019, the matter was transferred from the Eastern District to the Central District of California. (Dkt. Nos. 3, 4.)

On May 22, 2019, the Court ordered Petitioner to show cause why the action should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") because the Petition: (1) appeared to be an unauthorized second and successive petition; and (2) did not satisfy the pleading standard of Habeas Rule 2. (Dkt. No. 6); *see also* Habeas Rule 4 (requiring a district

court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"). The Court instructed Petitioner that, to discharge the Order to Show Cause, he needed to file a First Amended Petition that both demonstrated that the action was not an unauthorized second or successive petition and corrected the pleading defects identified in the Court's Order. (Dkt. No. 6.) On June 6, 2019, Petitioner responded by filing a First Amended Petition (the "FAP"). (Dkt. No. 7.)

According to the FAP, Petitioner is challenging his 1997 conviction for assault in violation of California Penal Code § 245. (FAP at 2.) The FAP states the following five grounds for habeas relief:

> Ground One: "2254(e)1 newly discover evidence found not guilty 775937. On 2015, my allege robbery was not dismissed but the allege grand theft auto reduce to a misedeam. D.A. Poole had the evidence of above, I was not found not guilty. See attach." (FAP at 5) (errors in original).

> Ground Two: "Petition satisfy the demanding pleading standard of Habeas Rule 2. Respondent fail to attach 'signature' of guilty. See Exhibit 1 A775937 not guilty verdict witness and stamp by clerk. District Attorney fail to attach signature of guilty verdict. They violated the bificating hearing 1997 and other motion filed." (FAP at 5-6) (errors in original).

> Ground Three: "Compare to Rule 4. Supported document, statement specific facts, are sufficient to warrant relief. Compare to Rule 4. Compare to *Hendrick v. Vasquez*, 902 F.2d 490 (9th Cir. 1990). See attach exhibit not guilty verdict. Also reduce to misdemeanor on 2015 grand theft auto. Failing to disclose favorable evidence to D.A. Poole." (FAP at 6) (errors in original).

Ground Four: "S.B. 1393 violated by failing to disclose favor evidence not guilty verdict. District Attorney office fail to show proof a signature by foreman guilty and witness by clerk." (FAP at 6) (errors in original).

Ground Five: "Lacks jurisdiction 28 U.S.C. 2244(b) a new ruling passed January 7, 2019 S.B. 1393. New ruling passed 2019 without due diligence, see 2254(e)(1). Petitioner compare to *Cage v. Chappell*, 793 F.3d 1159 (9th Cir. 2015)." (FAP at 6) (errors in original).

Petitioner indicates that he presented some but not all of these claims to the California Supreme Court for adjudication. (*See* FAP at 5-7.) For the reasons set forth below, the FAP must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Habeas Rule 4. Because the Court lacks jurisdiction, it does not consider whether the FAP is also subject to dismissal for other reasons.

## DISCUSSION

Petitioner has filed no fewer than twelve prior habeas petitions in this district, including: *Alonso McKinney v. Lennox et al*, 2:00-cv-00492-JGB-KS (Nov. 8, 2000), *Alonzo McKinney v. Lancaster State*, 2:00-cv-12831-RMT-EE (Apr. 20, 2001), *Alonzo McKinney v. Ernie Roe et al*, 2:01-cv-01008-RMT-EE (Jul. 5, 2001), *Alonzo McKinney v. D.D. Ortiz et al*, 2:04-cv-03614-GAF-FMO (Jun. 9, 2004), *Alonzo McKinney v. United States of America*, 2:04-cv-09221-RMT-FMO (Dec. 16, 2004), *Alonzo McKinney v. A.K. Scribner*, 2:05-cv-00659-SJO-FMO (Feb. 7, 2005), *Alonzo McKinney v. People of the State of California*, 1:10-cv-01932-GAF-FMO (Apr. 8, 2010), *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB (Jul. 6, 2013), *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB (Mar. 24, 2014), *Alonzo McKinney v. G. Smith*, 2:17-cv-02578-JAK-FFM (Dec. 1, 2017), *Alonzo McKinney v. Scott Kernan*, 2:18-cv-04088-JAK-FFM (Jul. 2, 2018), *Alonzo McKinney v. High Desert State*

*Prison et al*, 2:99-cv-03331-JGB-KS (Mar. 22, 2001). These prior habeas petitions include a December 7, 2000 petition, which attacked Petitioner's 1986 conviction for robbery and was dismissed with prejudice on statute of limitations grounds, *see Alonzo McKinney v. Lancaster State Prison*, 2:00-cv-12831-RMT-EE (Dkt. Nos. 1, 14-16), and a March 30, 1999 petition (the "1999 Petition"), which attacked Petitioner's 1997 conviction for assault and was dismissed with prejudice on the merits, *Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS (Dkt. Nos. 1, 36-38).

The FAP states that it, like the 1999 Petition, challenges Petitioner's 1997 assault conviction. (*See* FAP at 2.) However, state habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

There are some exceptions to this rule. *See* 28 U.S.C. § 2244(b)(2). Most notably, a claim presented in a second or successive habeas corpus application shall not be dismissed if, *inter alia*, the factual predicate for the claim could not have been discovered previously through the exercise of due diligence <u>and</u> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2)(B). However, even when § 2244(b) provides a basis for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking

relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 1999 Petition, Petitioner sought § 2254 relief based on the same state sentence and conviction that the California Court of Appeal asserts is at issue here. This Court dismissed the 1999 Petition on its merits and with prejudice. *Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS (Dkt. Nos. 36-38). However, neither Petitioner's response to the Court's Order to Show Cause nor the Court's independent review of the federal dockets and filings available through the PACER system, indicate that the Ninth Circuit granted Petitioner leave to file a second or successive petition. *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation marks and citations omitted).

Because Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim(s) alleged in the FAP, this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Consequently, IT IS ORDERED that: the FAP is DISMISSED; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the Ninth Circuit to raise his claim(s) in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[1] The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: June 14, 2019

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[1] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).